IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. LISA ANN MARTINEZ, Defendant. | CR-10-56-BLG-DWM-CSO-1 **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |

## I. Synopsis of Recommendations

An Amended Petition alleged that Defendant Lisa Ann Martinez ("Martinez") violated her conditions of supervised release in multiple ways discussed in more detail below. Martinez admitted the violations. Martinez's supervised release should be revoked, and she should be sentenced to 18 months imprisonment with 42 months supervised release to follow.

## II. Status

On October 27, 2010, Martinez pled guilty to the offense of conspiracy to possess with intent to distribute methamphetamine. *ECF 20, 1*. She was sentenced to time served 9 days in custody followed by 5

1

years supervised release. *ECF 29.* Martinez began her term of supervised release on February 8, 2011. *ECF 32.*

On November 14, 2013, the U.S. Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging five violations of Martinez's supervised release. Based on the petition, the undersigned issued a warrant for Martinez's arrest. *ECF 33.* The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned for Findings and Recommendations. *See Standing Order No. DLC-10.*

Martinez was arrested on November 20, 2013, and made an initial appearance before the undersigned on November 22, 2013. *ECF 34, 36.*

On November 27, 2013, Martinez appeared before the undersigned for a final revocation hearing. At the revocation hearing, the United States requested that the hearing be continued so the U.S. Probation Office could file an amended petition alleging an additional violation. The Court granted the continuance.

**<u>Amended Petition</u>**

On December 4, 2013, the U.S. Probation Office filed an Amended

Petition for Warrant or Summons for Offender Under Supervision adding a sixth violation. The Amended Petition alleges that Martinez violated:

(1) The Preamble to the Standard Conditions by consuming methamphetamine on August 12, 2011;

(2) The Preamble to the Standard Conditions by consuming one prescription hydrocodone pill on August 15, 2011;

(3) The Preamble to the Standard Conditions by again consuming methamphetamine on November 4, 2013;

(4) Special Condition Number 2 and Standard Condition Number 3 by attempting to stall her urinalysis test on November 5, 2013, by continually informing her probation officer that she could not yet provide a sample, and by attempting to use a device that would cheat the test;

(5) Standard Condition Number 6 by failing to report to her probation officer that she was terminated from her employment in September, 2013.

(6) The Preamble to the Standard Conditions by committing

another state crime. The Amended Petition alleges that during a urinalysis test, Martinez threw the device that was intended to cheat the test "at the ground in USPO Wilson's direction[,]" and that such conduct violates MCA § 45-5-201(1)(d), a misdemeanor.

**Revocation Hearing**

On December 6, 2013, the undersigned conducted a hearing on whether Martinez's supervised release should be revoked. David Merchant, Federal Defenders of Montana, represented Martinez. Assistant U.S. Attorney Lori Suek represented the United States. The undersigned explained the Findings and Recommendations procedure to Martinez, including her right to appear and allocute before Judge Molloy and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right.

In addition, Martinez, her counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent, again acknowledging her understanding of the Findings and Recommendations procedure and consenting thereto.

Martinez admitted all violations alleged in the Amended Petition. The undersigned accepted her admissions, determined that her supervised release should be revoked, and proceeded to consider sentencing recommendations. The undersigned calculated that Martinez's violation grade is C, her criminal history category is I, and the underlying offense is a class B felony. The United States Sentencing Guidelines call for 3 to 9 months incarceration. Martinez could be sentenced to a term of not more than 5 years of supervised release, less any incarceration time imposed. Ms. Suek and Mr. Merchant agreed with those calculations.

Ms. Suek recommended that Martinez be sentenced to 24 months custody followed by 36 months supervised release. Ms. Suek argued that Martinez's inability to control her substance abuse, untruthfulness and deceit toward the probation office, and particularly her admitted assault on a federal officer warrant this upward departure from the guideline range.

Mr. Merchant argued that while Martinez's conduct is inexcusable, she does suffer from mental health and substance abuse

5

issues. He argued that she had a moment of insanity that resulted in her poor behavior on November 5, 2013. Mr. Merchant therefore requested a custody sentence on the high end of the guideline range. If the Court were to depart upward from the guideline range, Mr. Merchant suggested that a custody sentence of 12 months and one day is more than adequate to address Martinez's conduct. Mr. Merchant deferred to the Court's discretion as to a term of supervised release following incarceration.

Martinez addressed the Court. She apologized to her probation officer and Tanya Wilson, and asked the Court for leniency so she may have the chance to do well by her family and children.

### III. Analysis

Based on Martinez's admitted violations, her supervised release should be revoked. The undersigned has considered the factors set forth in 18 U.S.C. § 3583(e), and the portions of 18 U.S.C. § 3553 that are included in the former section. The undersigned concludes that an upward departure from the guideline range is warranted. Martinez was deceitful with her probation officers and, when confronted with

6

this deceit, ultimately chose assaultive behavior toward a probation officer. An upward departure recognizes this extreme behavior, and is necessary to afford deterrence to criminal conduct by Martinez, and to protect the public from further crimes. The Court and the probation office have previously taken extraordinary measures to give Martinez opportunities to succeed. Now Martinez must be held accountable for her admitted violations of supervised release and, in particular, her assaultive behavior toward a probation officer. Martinez should be sentenced to 18 months incarceration, with 42 months supervised release to follow.

## IV. Conclusion

The undersigned advised Martinez that the above sentence would be recommended to Judge Molloy, and reminded her that she has the right to appear and allocute before Judge Molloy. The undersigned instructed Martinez that she may object to these Findings and Recommendations within 14 days of their issuance, and must do so if she wishes to preserve her right to allocute before Judge Molloy.

The Court makes the following **FINDINGS:**

1. The Preamble to the Standard Conditions by consuming methamphetamine;

2. The Preamble to the Standard Conditions by consuming one prescription hydrocodone pill;

3. The Preamble to the Standard Conditions by again consuming methamphetamine;

4. Special Condition Number 2 and Standard Condition Number 3 by attempting to stall her urinalysis test by continually informing her probation officer that she could not yet provide a sample, and by attempting to use a device that would cheat the test; and

5. Standard Condition Number 6 by failing to report to her probation officer that she was terminated from her employment.

6. The Preamble to the Standard Conditions by committing the crime of assault in violation of state law.

The Court makes the following **RECOMMENDATION:**

1. The District Court should revoke Martinez's supervised release and sentence Martinez in accordance with the attached Judgment, committing her to the custody of the United States Bureau of Prisons for a term of imprisonment of 18 months, with 42 months supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 6th day of December, 2013.

<u>/s/ Carolyn S. Ostby</u>
United States Magistrate Judge